FILED
SUPERIOR COURT
OF GUAM

2025 JUN -5 PM 12: 13

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MELANIE REYES MEDRANO., | DOMESTIC CASE NO. DM0426-24 |
| Plaintiff, | |
| vs. | |
| | **DECISION AND ORDER** |
| LOUIS MEDRANO and SUSANNE McCLAIR, | *Re: Defendant's Motion to Dismiss* |
| Defendants. | |

This matter came before the Honorable Arthur R. Barcinas on March 5, 2025 for a hearing on Defendant Susanne McClair's ("McClair") Motion to Dismiss ("Motion"). Plaintiff Melanie Reyes Medrano ("Plaintiff") was present, represented by Attorney Daniel Berman, and McClair was present with Attorney Charles H. McDonald II. Upon consideration of the pleadings, the arguments, and the applicable law, the Court <u>DENIES</u> Defendant's Motion.

## BACKGROUND

On December 3, 2024, Plaintiff filed a Verified Complaint for Divorce ("Complaint"), in which Plaintiff alleged a thirty-five year marriage with Defendant Louis Medrano ("Louis") and asserted multiple claims arising from allegations of adultery, emotional distress, and conversion of marital property. In the sixth cause of action, Plaintiff also alleged that McClair, a flight attendant, conducted a marital affair with Louis which allegedly intentionally interfered with the marital relationship and contract, resulting in the alienation of affection between Plaintiff and Louis.

On December 26, 2024, McClair filed this Motion to dismiss Plaintiff's sixth cause of action. In the Motion, McClair asserts that (1) she is not a resident of Guam and did not engage in conduct in Guam sufficient to grant personal jurisdiction over her; and (2) the claim of interference with the Medranos' marital relationship should be dismissed for failure to state a claim because Guam allegedly does not recognize "alienation of affection" as a cause of action and because Plaintiff allegedly fails to assert essential elements of the cause of action such as knowledge and causation.

On January 10, 2025, Plaintiff filed an opposition, arguing that the Court has personal jurisdiction over McClair because McClair engaged in repeated contact with Guam related to the alleged affair and visited the marital residence in Tamuning on at least nine occasions. Plaintiff further argues that her allegations are sufficient to meet Guam's liberal notice pleading standards.

On March 5, 2025, the Court took the matter under advisement.

## DISCUSSION

McClair moves for dismissal of the Plaintiff's Complaint pursuant to GRCP 12(b)(2), for alleged lack of jurisdiction over the parties, and GRCP 12(b)(6), for alleged failure to state a claim upon which relief can be granted.

### I.    Legal Standard

### A.   GRCP 12(b)(2)

GRCP Rule 12(b)(2) allows a court to dismiss a complaint for lack of jurisdiction over the person. "A court of this territory may exercise jurisdiction over [nonresident defendants] on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 GCA § 14109. "Title 7 GCA § 14109 confers upon the trial court the statutory authority to exercise jurisdiction 'up to and including all that is constitutionally permissible' and the Due Process

Clause requires a defendant to have 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mariano v. Surla*, 2010 Guam 2 ¶ 23; *PCI Commc'ns, Inc. V. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 17. "Assuming minimum contacts are established, a court may exercise personal jurisdiction in two ways: (1) general jurisdiction 'where a defendant's activities in a state are either substantial or continuous and systematic'; or (2) limited or specific jurisdiction 'where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action." *Id.*

The Guam Supreme Court has held that, if a nonresident defendant's activities within a state are substantial or continuous and systematic, there is a sufficient relationship between the defendant and the forum to support general jurisdiction even if the cause of action is unrelated to the defendant's forum activities. *Id.* ¶ 24. Alternatively, the Court may assert limited or specific jurisdiction "where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action." *Id.* ¶ 25. The Guam Supreme Court applies a three-part test to determine whether limited or specific jurisdiction is appropriate: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Id.* "The first part, whether a defendant has purposefully availed himself of the laws of Guam, is satisfied when a defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents." *Id.* ¶ 26. The above factors "are not rigid parts of a mechanical test but rather are part of a balancing test applied in accordance with the facts and

circumstances of a particular case"; however, "a finding of purposeful availment presumes the reasonableness of asserting jurisdiction." *Id.* ¶ 28.

B. GRCP 12(b)(6)

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Whether a plaintiff pleaded or proved his claim by preponderance of the evidence is immaterial at the 12(b)(6) phase; Plaintiff merely has to state sufficient facts to place Defendant on notice of his claim. *Wang*, 2016 Guam 26 ¶ 53.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wang*, 2016 Guam 26 ¶ 26. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it imposes only a liberal notice pleading requirement. *See id.* at ¶ 33. When reviewing a Rule 12(b)(6) motion, the trial court must construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor. *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l Corp. v. Hanil Eng. & Constr. Co.*, 2010 Guam 13 ¶ 29.

## I. Whether the Court has personal jurisdiction over McClair

McClair asserts that she should be dismissed from this case for lack of personal jurisdiction, arguing that she is not a resident of Guam and did not engage in conduct in Guam sufficient to confer personal jurisdiction over her in this case.

However, Plaintiff alleges and provides declarations showing that McClair traveled to Guam and entered the marital residence in Tamuning on multiple occasions in 2023 and 2024 for the alleged purpose of maintaining an adulterous relationship with Louis. These deliberate acts were within Guam and are directly related to the claim for interference. The Court finds these contacts sufficient to support the assertion of specific jurisdiction over McClair. Further, McClair has stated in her Reply that she will submit to the specific jurisdiction of the Court for the purposes of defending herself against Plaintiff's allegations. Reply, at 4.

For the above reasons, the Court **DENIES** dismissal for lack of personal jurisdiction under GRCP 12(b)(2).

## II. Whether Plaintiff has failed to state a claim for which relief can be granted

To survive a GRCP 12(b)(6) motion, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." GRCP 8(a); *Wang*, 2016 Guam 26 ¶ 52. As stated above, Guam follows a liberal notice pleading standard.

Plaintiff has alleged that she has a valid marriage with Louis, that McClair had knowledge of that marriage, and that McClair intentionally engaged in conduct causing a breach and emotional harm. Under Guam law, marriage is recognized as a civil contract, and the Guam Supreme Court has generally held civil contracts to be subject to the tort of intentional interference. 19 GCA § 3101; *Lujan v. J.L.H. Trust*, 2016 Guam 24 ¶ 30. Per *Lujan*, the elements of intentional interference with contract are: (1) a valid contract between the plaintiff and a third

party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) an actual breach or disruption of the contractual relationship; and (5) resulting damage. 2016 Guam 24 ¶ 30. Upon review, viewed in the light most favorable to Plaintiff as the nonmovant, Plaintiff has sufficiently pled notice of all of the above elements in her Complaint, and while the Court acknowledges *McClair's* argument that California courts have not expressly recognized claims for intentional interference with the marriage contract because it is considered "alienation of affection," the Guam Supreme Court has not formally adopted this interpretation. Accordingly, the Court finds that Plaintiff has stated a claim for which relief may be granted and thus **DENIES** the Motion to Dismiss under GRCP 12(b)(6).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED** _____ JUN 0 5 2025 _____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**